USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

UNITED STATES OF AMERICA,                          :
                                                   :
        Plaintiff,                               :         24 Civ. _4632____ (____)
                                                   :
        v.                                       :
                                                   :
TOLL BROTHERS, INC.; TOLL BROTHERS                 :         **CONSENT DECREE AS TO**
REALTY TRUST; TOLL LAND XIII                       :         **LENDLEASE (US)**
LIMITED PARTNER; GREENBERG FARROW                  :         **CONSTRUCTION LMB INC.**
ARCHITECTURE, INC.; LENDLEASE (US)                 :         **F/K/A BOVIS LEND LEASE**
CONSTRUCTION LMB INC. F/K/A BOVIS LEND             :         **LMB, INC**.
LEASE LMB, INC.; TOLL NORTHEAST LP                 :
COMPANY, INC.; TB PRINCETON VILLAGE LLC,           :
AND TB-BDN PLYMOUTH APARTMENTS,                    :
                                                   :
        Defendants, and                          :
                                                   :
NORTH8 CONDOMINIUM ASSOCIATION, INC.,              :
                                                   :
        as a Rule 19 Defendant.                  :

-------------------------------------------------------------------- x

        WHEREAS, the United States brought the above-captioned action (the "Action") to enforce provisions of the Fair Housing Act ("FHA"), codified at 42 U.S.C. §§ 3601–3619;

        WHEREAS, the United States' Complaint alleges that Toll Brothers, Inc. and Toll Brothers Realty Trust have engaged in a pattern or practice of discrimination and have denied rights to a group of persons in a manner raising an issue of general public importance by failing to design and construct certain properties with the features of accessible and adaptive design and construction required by the FHA, *see* 42 U.S.C. § 3604(f)(3)(C);

        WHEREAS, the FHA provides that residential buildings with four or more dwelling units, and one or more elevators, designed and constructed for first occupancy after March 13, 1991, are Covered Multifamily Dwellings and must include certain basic features of accessible design as set

forth in 42 U.S.C. §§ 3604(f)(3)(C) and (f)(7)(A);

WHEREAS, the accessible and adaptive design provisions of the FHA require that for Covered Multifamily Dwellings: (*i*) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (*ii*) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by persons with a disability using wheelchairs; (*iii*) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls to allow later installation of grab bars; and (IV) usable kitchens and bathrooms such that an individual using a wheelchair can maneuver about the space.  *See* 42 U.S.C. § 3604(f)(3)(c) (these provisions of the FHA are referred to herein as the "Accessible Design Requirements");

WHEREAS, on September 3, 2019, the Secretary of the U.S. Department of Housing and Urban Development ("HUD") issued a charge of discrimination (the "HUD Charge") against Toll Brothers, Inc. ("Toll Brothers"), among others, alleging that certain conditions at 49 North 8th Street in Brooklyn, New York ("North 8th"), itemized in the United States' Complaint in this Action, are not readily accessible to and usable by persons with disabilities, as required by 42 U.S.C. § 3604(f)(3)(C);

WHEREAS, the respondents named in the HUD Charge elected on September 18, 2019, to proceed in federal court pursuant to 42 U.S.C. § 3612;

WHEREAS, the parties to this Consent Decree agree that this Court has jurisdiction over the subject matter of this case, and further agree that, to avoid protracted and costly litigation, and

2

without Lendlease LMB admitting liability, this controversy should be resolved without further proceedings and without an evidentiary hearing or a trial;

It is hereby AGREED, by and between the parties:

I.      The Parties and the Property

1.      Plaintiff is the United States of America.

2.      North 8 Condominium is located at 49 North 8th Street, in Brooklyn, New York, 11249 ("North 8th" or the "Property"). North 8th is a six story 40-unit condominium building, with a parking garage, lobby, gym, courtyard, and other public and common use areas. HUD conducted accessibility testing at North 8th in June 2017 and April 2019. The defendants relating to North 8th were named in the HUD Charge and are as follows:

     a. Defendant Toll Brothers, Inc., directly and/or acting through affiliates, subsidiaries, or entities that it owns and/or controls ("Toll Brothers"), is a Delaware corporation based in Pennsylvania that does business within the Southern District of New York, among other places. Toll Brothers participated in the design and construction of North 8th.

     b. Defendant Toll Brothers Realty Trust is an affiliate subsidiary of defendant Toll Brothers that develops urban low-, mid-, and high-rise for-sale condominiums through Toll Brothers City Living, and participated in the design and construction of North 8th.

     c. 51 N. 8th Street, L.P. was a limited partnership formed in New York and is an indirect wholly owned subsidiary of defendant Toll Brothers. 51 N. 8th Street, L.P., developed North 8th, and had ownership of the condominium units until

they were sold, and in that capacity, participated in the design and construction of North 8th. In 2016, this entity merged into Toll Northeast LP Company, Inc.

d.  Defendant Toll Land XIII Limited Partner is a limited partnership formed in the state of New York, and was the landowner and title holder of North 8th from 2004 through the completion of the construction in 2011, and in that capacity, participated in the design and construction of North 8th.

e.  Defendant GreenbergFarrow Architecture, Inc. ("GreenbergFarrow") is incorporated in the state of Georgia and provides architecture, planning, engineering, and development services related to the development of residential housing, including for many projects in this District, and has worked on numerous projects with Toll Brothers. GreenbergFarrow was the architecture firm that drew the architectural plans for the site, the public and common use areas, and the units of North 8th, and in that capacity, participated in the design and construction of North 8th. At all times relevant to this action, GreenbergFarrow did not prepare multifamily residential architectural plans or designs outside the State of New York.

f.  Defendant Lendlease (US) Construction LMB Inc., f/k/a Bovis Lend Lease LMB, Inc. ("Lendlease LMB") is incorporated in New York and provides construction management services. For a limited period of time, Lendlease LMB was the construction manager for North 8th, and in that capacity participated in the construction of North 8th.

g.  Defendant North8 Condominium Association, Inc. ("the Condo") is the condominium association for North 8th and has control over the common areas

4

of North 8th. North8 Condominium Association, Inc. is a Rule 19 defendant in this action because its participation is necessary to ensure complete relief.

## II.      Compliance with the FHA

3.       Lendlease LMB and each of its officers, employees, agents, successors, and assigns are hereby enjoined from discriminating on the basis of disability as prohibited by the FHA, 42 U.S.C. § 3604.

## III.      Non-Discrimination in Other Design and Construction

4.       Lendlease LMB shall design and/or construct all new Covered Multifamily Dwellings[1] in full compliance with either (*i*) the Guidelines, or (*ii*) a standard designated as an FHA safe harbor by the Department of Housing and Urban Development (each a "Standard").

5.       For any new Covered Multifamily Dwelling that Lendlease LMB constructs during the term of this Consent Decree, Lendlease LMB shall retain or employ, as an independent contractor or employee, a compliance adviser ("FHA Adviser") to advise Lendlease LMB regarding compliance with the FHA's Accessible Design Requirements, unless the owner and/or developer has retained its own independent, third-party compliance consultant to advise the owner and/or developer to help ensure compliance with the FHA's Accessible Design Requirements.  The FHA Adviser, which may be an individual or a firm, including an existing Lendlease LMB employee with the requisite expertise and experience, shall have expertise and experience with the Accessible Design Requirements. For the duration of the Consent Decree, the FHA Adviser shall submit to the United States annual reports within 15 days of the

---

[1] For the avoidance of doubt, the phrase "new Covered Multifamily Dwellings" means future projects, *i.e.*, projects pursuant to construction management agreements that Lendlease LMB enters into with an owner/developer after the date of this Consent Decree for which work is performed during the three-year period of the Consent Decree.  The obligations outlined in this Consent Decree shall apply only during the term of this Consent Decree.

anniversary of the entry of the Consent Decree certifying that in the course of the year preceding the submission of the report the FHA Adviser has advised on FHA accessibility issues at the property consistent with paragraph 6 of this Consent Decree, and summarizing the areas in which the Adviser gave advice with reference to each of the requirements of 42 U.S.C. § 3604(f)(3)(C). The FHA Adviser may engage such staff or third-party contractors as he or she deems appropriate to satisfy the Adviser's responsibilities fully.

6.      Lendlease LMB shall pay all reasonable costs of the FHA Adviser, including the cost of his or her time and the costs of any staff or contractors.  Lendlease LMB shall direct its employees, agents, and/or contractors to seek the FHA Adviser's advice regarding the effect of deviations from the architects' plans on the accessibility of conditions at the property, as well as other issues that may arise during construction that affect accessibility.  Lendlease LMB shall require the FHA Adviser, as the FHA Adviser deems appropriate, and with consultation and coordination with Lendlease LMB, to make recommendations to the owner and/or developer regarding any FHA accessibility issues that may arise during construction.

7.      The agreement or contract between Lendlease LMB and the FHA Adviser shall specify that the FHA Adviser is being retained or employed pursuant to this Consent Decree. Further, within 30 days of retaining, the acceptance of an offer of employment by, or the agreement of an existing Lendlease LMB employee with the requisite expertise and experience to serve as the FHA Adviser, Lendlease LMB shall provide a copy of this Consent Decree to the FHA Adviser and secure the signed statement from the FHA Adviser acknowledging that he or she has received and read the Consent Decree and has had an opportunity to have questions about the Consent Decree answered.  This statement shall be substantially similar to the form of Appendix A.

8.      During the term of this Consent Decree, in each year in which Lendlease LMB has a new Covered Multifamily Dwelling under construction, Lendlease LMB shall submit, within 15 days of the anniversary of the entry of the Consent Decree, a certification to the United States affirming either that it has retained or employed an FHA Adviser or the owner and/or developer has retained or employed its own independent, third-party FHA compliance consultant, for each new Covered Multifamily Dwelling under construction by Lendlease LMB during that year and specifying each new Covered Multifamily Dwelling for which an FHA Adviser was retained by Lendlease LMB to provide advice and the identity (and affiliation, if applicable) of the FHA Adviser.

9.      For the term of this Consent Decree, Lendlease LMB shall maintain, and provide to the United States or FHA Adviser upon request, the following information and statements regarding any new Covered Multifamily Dwellings as to which Lendlease LMB is construction manager:

- the name and address of the project;

- a description of the project and the individual units;

- to the extent known, the name, address, and telephone number of the lead civil engineer(s) who are employed or retained by the owner and/or developer involved with the project;

- to the extent known, the name, address and telephone number of the lead architect(s) who are employed or retained by the owner and/or developer involved with the project.

### IV.    Educational Program

10.     Within 90 days of the entry of this Consent Decree, Lendlease LMB shall provide a copy of this Consent Decree to all of its current employees involved in the design or construction of any new Covered Multifamily Dwellings and secure the signed statement from

each such current employee acknowledging that he or she has received and read the Consent Decree, and has had an opportunity to have questions about the Consent Decree answered.  This statement shall be substantially similar to the form of Appendix A.

11.     During the term of this Consent Decree, any new agent or supervisor of Lendlease LMB who will have any supervisory authority in the design or construction of new Covered Multifamily Dwellings shall, within 90 days after the date he or she commences an employment relationship with Lendlease LMB, be given a copy of this Consent Decree by Lendlease LMB, and Lendlease LMB shall require each such new employee to sign a statement, acknowledging that he or she has received and read the Consent Decree, and has had an opportunity to have questions about the Consent Decree answered.  This statement shall be substantially similar to the form of Appendix A.

12.     In lieu of providing individuals or entities with copies of the Consent Decree as required by the preceding paragraphs of this Section, Lendlease LMB may instead provide a summary of the Consent Decree with the United States' advance written approval of the form and content of any proposed summary.

13.     Lendlease LMB shall also ensure that its employees who have supervisory authority over the design and/or construction of new Covered Multifamily Dwellings have a copy of, are familiar with, and personally have reviewed, the Fair Housing Accessibility Guidelines, 56 Fed. Reg. 9472 (1991), and the United States Department of Housing and Urban Development, Fair Housing Act Design Manual, A Manual to Assist Builders in Meeting the Accessibility Requirements of the Fair Housing Act (August 1996, Rev. April 1998).

14.     Within 180 days of the date of entry of this Consent Decree, Lendlease LMB and all its employees whose duties, in whole or in part, involve or will involve supervision over the

development, design and/or construction of multifamily dwellings shall undergo training on the

design and construction requirements of the FHA.  The training shall be conducted by a qualified

third-party individual, not associated with Lendlease LMB or their counsel, and approved by the

United States; and any expenses associated with this training shall be paid by Lendlease LMB.

Lendlease LMB shall provide to the United States, 30 days before the training, the name(s),

address(es) and telephone number(s) of the trainer(s); and copies of any training outlines and

materials to be distributed by the trainers.  Lendlease LMB shall provide to the United States, 30

days after the training, certifications executed by Lendlease LMB and covered employees

confirming their attendance, in a form substantially equivalent with respect to the applicable

subject matter to Appendix B.

## V.      Preservation of Records

15.      For the term of this Consent Decree, Lendlease LMB is required to preserve all

records related to this Consent Decree for the Property and any other new Covered Multifamily

Dwellings designed or constructed by Lendlease LMB during the term of this Consent Decree.

Upon reasonable notice to Lendlease LMB, representatives of the United States shall be

permitted to inspect and copy any non-privileged records of Lendlease LMB bearing on

compliance with this Consent Decree at any and all reasonable times, provided, however, that the

United States shall endeavor to minimize any inconvenience to Lendlease LMB from such

inspections.

## VI.      Civil Penalty

16.      Within 45 days of the entry of this Consent Decree, Lendlease LMB shall pay a

civil penalty of $10,000 (Ten Thousand Dollars) pursuant to 42 U.S.C. § 3614(d)(1)(C) to

vindicate the public interest.  Lendlease LMB shall pay said sum by submitting a check made

payable to the "United States of America" to the United States or by electronic fund transfer pursuant to instructions to be provided by the United States.

**VII.    Duration of Consent Decree and Termination of Legal Action**

17.    This Consent Decree shall, subject to Paragraph 20, remain in effect for three years following entry of the Consent Decree by the Court.  The parties agree that in the event Lendlease LMB engages in any future conduct occurring during the term of this Consent Decree that leads to a determination of a violation of the FHA's accessible design and construction provisions, such conduct shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

18.    The Complaint in this action is hereby dismissed only as to Lendlease (US) Construction LMB Inc., f/k/a Bovis Lend Lease LMB, Inc., without prejudice to reinstatement in accordance with paragraph 19.

19.    The Complaint in this Action shall be reinstated as to Lendlease LMB at any time during the term of this Consent Decree if the Court determines that Lendlease LMB has failed to perform, in a timely manner, any act required by this Consent Decree or has otherwise failed to act in conformity with any provision of this Consent Decree. Any delay attributable to the United States shall not be a basis to reinstate the Complaint in this action.

20.    The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Consent Decree.  The United States may move the Court to extend the duration of the Consent Decree in the interests of justice.  The duration of the Consent Decree also may be extended by the mutual written agreement of the United States and Lendlease LMB.

21.    The United States and Lendlease LMB shall endeavor, in good faith, to resolve informally any differences regarding interpretation of and compliance with this Consent Decree

10

prior to seeking judicial relief.  However, in the event of a material breach of this Consent

Decree, and if the parties are unable to informally resolve such a dispute, any party shall have the

right to submit an application to the Court to reinstate this action at any time prior to the

expiration of the term of this Consent Decree to seek enforcement of the terms of this Consent

Decree by amending its pleading(s) pursuant to Rule 15(a)(2) of the Federal Rules of Civil

Procedure to include a claim or counter-claim for breach of this Consent Decree.

22.     Upon the expiration of the Consent Decree and all obligations thereunder, the

United States shall seek an order dismissing the Complaint with prejudice, only as to Lendlease

(US) Construction LMB Inc., f/k/a Bovis Lend Lease LMB, Inc.

### VIII.    Miscellaneous

23.     Lendlease LMB is hereby notified that, in the event that Lendlease LMB fails to

comply with any of the terms of this Consent Decree and the United States obtains an order

establishing such noncompliance, the United States may take any appropriate action, including

but not limited to notifying the appropriate state housing finance agency of the violation.  *See* 26

U.S.C. § 42(m)(1)(B)(iii).

24.     Any time limits for performance imposed by this Consent Decree may be

extended by the mutual written agreement of the United States and Lendlease LMB, the consent

to which shall not be unreasonably denied or withheld.

25.     The United States and Lendlease LMB will each bear their own costs and

attorney's fees associated with this litigation.

26.     The United States and Lendlease LMB understand and agree that this Consent

Decree and the appendices thereto contain the entire agreement between them, and that any

statements, representations, promises, agreements, or negotiation, oral or otherwise, between the parties or their counsel that are not included herein shall be of no force or effect.

The undersigned apply for and consent to the entry of this Consent Decree:

Date: _June 17_, 2024

                    *For the United States:*

                    DAMIAN WILLIAMS
                    United States Attorney

By:

                    DAVID J. KENNEDY
                    DANIELLE J. MARRYSHOW
                    Assistant United States Attorneys
                    86 Chambers Street, 3rd Floor
                    New York, New York 10007
                    (212) 637-2733/2689
                    david.kennedy2@usdoj.gov
                    danielle.marryshow@usdoj.gov

                    *For Lendlease (US) Construction LMB Inc.*
                    *f/k/a Bovis Lend Lease LMB, Inc.*:

By:

                    SARA L. SHUDOFSKY
                    HARRY K. FIDLER
                    ARNOLD & PORTER KAYE SCHOLER LLP
                    250 West 55th Street
                    New York, New York 10019
                    (212) 836-8000
                    sara.shudofsky@arnoldporter.com
                    harry.fidler@arnoldporter.com

SO ORDERED:
 Dated: June 25, 2024
 New York, New York

                    UNITED STATES DISTRICT JUDGE

13

**APPENDIX A**

**ACKNOWLEDGMENT OF RECEIPT OF CONSENT ORDER**

I _____, am a _____ of/for _____ and my
duties include _____. I have received and read a copy of the Consent
Decree in *United States of America v. Toll Brothers, GreenbergFarrow Architecture, Lendlease*
*(US) Construction LMB Inc. f/k/a/ Bovis Lend Lease LMB, Inc., et al.*, 24 Civ. _____ (_____)
(S.D.N.Y.), and have been given instruction on (1) the terms of this Consent Decree, (2) the
requirements of the Fair Housing Act, particularly related to the Act's design and construction
requirements, and (3) my responsibilities and obligations under the Consent Decree and the Fair
Housing Act.  I have had all of my questions concerning the Consent Decree answered to my
satisfaction.

_____, 20____

_____
Employee Signature

**APPENDIX B**

**CERTIFICATION OF FAIR HOUSING TRAINING**

On _____, I attended training on the design and construction requirements of the federal Fair Housing Act.  I have had all of my questions concerning the Fair Housing Act answered to my satisfaction.

_____
Employee Signature


_____
Print Name


_____
Date