UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

           -against-

TOLL BROS., INC.; TOLL LAND XIII
LIMITED PARTNER; GREENBERG FARROW
ARCHITECTURE, INC.; LENDLEASE (US)
CONSTRUCTION LMB, INC. F/K/A BOVIS LEND
LEASE LMB, INC.; TOLL NORTHEAST LP
COMPANY, INC.; TB PRINCETON VILLAGE LLC,
AND TB-BDN PLYMOUTH APARTMENTS,

                Defendants, and

BOARD OF MANAGERS OF THE NORTH8
CONDOMINIUMS,
        as a Rule 19 Defendant

-------------------------------------------------------------------X

**ANSWER TO FIRST AMENDED COMPLAINT WITH CROSS-CLAIM**

Case: 1:24-cv-04632

Rule 19 Defendant Board of Managers of The North8 Condominiums (the "Board"), by and for its Answer to the Plaintiff United States of America Complaint, dated June 18, 2024 (the "Complaint") and Cross-Claim against Defendant Toll Northeast LP Company, Inc., hereby answers as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Admits the allegations of paragraph 3 of the Complaint.

4. Admits the allegations of paragraph 4 of the Complaint.

## THE DEFENDANTS

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

## THE RULE 19 DEFENDANT

12. Admits the allegations of paragraph 12 of the Complaint.

## INACCESSIBLE CONDITIONS IN TOLL BROTHERS' MULTIFAMILY BUILDINGS

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Admits that North 8th is a mixed used apartment building with an elevator containing 40 residential units, 26 parking space units, and 10 cabana units, which has elevator access to certain of the units, and common elements including a residential lobby, courtyard and gym, and otherwise denies the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Admits that North 8th is a multifamily building with elevator access and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Admits that North 8th was designed and constructed for first occupancy after March 31, 1991, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

## OTHER MULTIFAMILY PROPERTIES

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

## COUNT 1

## HUD CHARGE

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

## COUNT 2

## OTHER FAIR HOUSING ACT CLAIMS

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

## AFFIRMATIVE DEFENSE

53. To the extent that any retrofits are ordered with respect to the Condominium , any such retrofits must be performed in a manner consistent with or superior to the standards of design, construction, and aesthetics by which the Condominium was constructed, as determined by the Condominium's Board of Managers.

54. To the extent that any retrofits are ordered with respect to the Condominium, any such retrofits must include restoration of any portion of the Condominium disturbed by such retrofits in a manner that respects and restores all improvements, decorations, wall coverings, and other alterations that have occurred since the construction of the Condominium by its Board of Managers and its Unit Owners, as determined by the Condominium's Board of Managers.

55. Failure to perform such retrofits in such a manner and as approved by the Condominium's Board of Managers should be barred by laches, waiver, estoppel and prejudicial delay.

## CROSS-CLAIM AGAINST TOLL NORTHEAST LP COMPANY, INC.

Rule 19 Defendant Board of Managers of the North8 Condominiums (the "Board") as and for its Cross-Claim against Toll Northeast LP Company, Inc. alleges as follows:

56. The Board brings this Cross-Claim for contractual defense and indemnity against Toll Northeast LP Company, Inc. (the "Sponsor"), as successor by merger to 51 N. 8th Street, L.P. (the "Original Sponsor"), under an indemnity clause contained in the Offering Plan for the Condominium issued by the Original Sponsor agreeing to defend and indemnify the Condominium's Board of Managers and Unit Owners against all suits and proceedings arising out of the Original Sponsor's acts or omissions.

## JURISDICTION AND VENUE

57. This Court has jurisdiction over this Cross-Claim under 28 U.S.C. § 1967 and Fed. R. Civ. P. 13 by reason of the relation of the Cross-Claim to the underlying claims alleged in the Complaint (the "Underlying Claims") and that such Underlying Claims and this Cross-Claim form part of the same case or controversy; that the Cross-Claim arises out of the same transactions and

occurrences as the Underlying Claims; and that the Cross-Claim is a claim that a co-party is or may be liable to the Cross-Claimant for all or part of the Underlying Claims.

58. Venue for this Cross-Claim is proper in this District because venue is proper for the Underlying Claims alleged in the Complaint.

## PARTIES TO CROSS-CLAIM

59. The North8 Condominiums (the "Condominium") is a condominium duly established pursuant to Article 9-B of the New York Real Property Law ("RPL").

60. The Board is the duly established and elected board of managers of the Condominium, entitled under RPL § 339-dd to bring actions and proceedings concerning the common elements of the Condominium or more than one unit of the Condominium.

61. The Board brings this Cross-Claim with respect to the rights of defense and indemnity applicable to the common elements and every unit of the Condominium.

62. The Original Sponsor was a Delaware limited partnership that acted as sponsor of the Condominium.

63. In 2016, the Original Sponsor merged with and into the Sponsor, a Delaware corporation.

## CROSS-CLAIM FOR DEFENSE AND INDEMNITY

64. By Offering Plan dated August 25, 2006 (the "Offering Plan"), as amended from time to time, the Original Sponsor offered for sale Units of what was to become the Condominium.

65. The Offering Plan set forth the terms under which the Original Sponsor offered Units of the Condominium for sale, including representations, covenants, agreements and warranties of the Original Sponsor.

66. The Offering Plan was incorporated into each of the contracts for the purchase of the Condominium Units from the Original Sponsor.

67. The representations, covenants, agreements and warranties of the Original Sponsor in the Offering Plain remain enforceable against the Original Sponsor and the Sponsor as its successor by merger by the Board with respect to the common elements and each unit of the Condomnium.

68. Paragraph 11 (the "Indemnity Clause") of the section of the Offering Plan entitled "Rights and Obligations of Sponsor" (on page 99) provides, in full:

> 11. Sponsor shall be obligated to defend any suits or proceedings arising out of its acts or omissions, and shall be obligated to indemnify the Board of Managers or the Unit Owners against any such suits or proceedings.
>
> Sponsor shall not be liable for or obligated to defend any suits, proceedings or claims (i) as to any Unit arising out of any occurrence taking place on or after the earlier of the closing of title to such Unit or the leasing thereof to, or at the direction of, any Purchaser, or (ii) as to the Common Elements, arising out of any occurrence taking place on or after the date of the recording of the Declaration, except suits, proceedings or claims arising out of acts or omissions of Sponsor or representations made by Sponsor in the Offering Plan. Sponsor shall not be liable for or obligated to defend any suits, proceedings or claims arising out of any occurrence which was prior to the date of the First Unit Closing except suits, proceedings or claims arising out of acts or omissions of Sponsor.

69. The Original Sponsor established the Condominium pursuant to Article 9-B of the RPL by the recording of its Declaration and By-Laws with the Office of the City Register of the City of New York on December 10, 2007.

70. The Original Sponsor closed on the sale of each of the Units of the Condominium after the recording of the Declaration.

71. In 2016 the Original Sponsor merged into the Sponsor, with the Sponsor assuming and retaining all representations, covenants, agreements, warranties, and liabilities of the Original Sponsor.

72. The Indemnity Clause remains a binding obligation of the Sponsor enforceable by the Board.

73. The Underlying Claims in this Action with respect to the Condominium arise out of the acts or omissions of the Sponsor (including those of its predecessor by merger, the Original Sponsor).

74. Under the Indemnity Clause, the Sponsor is obligated to provide a defense to the Board and all unit owners of the Condominium for the claims asserted in this Action.

75. Under the Indemnity Clause, the Sponsor is obligated to indemnify the Board and all unit owners of the Condominium for all claims asserted in this Action.

76. None of the exceptions to the Sponsor's indemnity or defense obligations under the Indemnity Clause apply as (i) the Underlying Claims arose prior to the closing of title to each Unit to which they may relate; (ii) the Underlying Claims occurred prior to the recording of the Declaration and arose out of the acts or omissions of the Sponsor; and (iii) the Underlying Claims occurred prior to the First Unit Closing (as defined in the Offering Plan) and arose out of the acts or omissions of the Sponsor.

77. As such, the Sponsor is obligated to provide a defense in this Action and indemnify the Board and all unit owners of the Condominium for all claims asserted in this Action.

78. By reason of the foregoing, if the Board or any unit owner of the Condominium suffers any injury, liability, damages, costs, expenses, or other injury, including any injunctive relief awarded against the Board or any unit owner of the Condominium, with respect to the

Underlying Claims alleged in the Complaint, then the Sponsor is liable to defend and indemnify the Board (on its own behalf and on behalf of its unit owners) to the greatest extent permitted by law and for any recovery or relief which may be claimed or obtained against the Board or any unit owner of the Condominium.

79. The Sponsor is further liable to the Board and all unit owners of the Condominium for all attorneys' fees, costs, and other expenses it may incur in defending this Action, including the cost of consultants and other experts retained by the Board.

WHEREFORE, Rule 19 Defendant Board of Managers of the North8 Condominiums demands judgment on its cross-claim against Toll Northeast LP Company, Inc. for indemnification for any recovery or relief which may be claimed or obtained against the Board or any unit owner of the Condominium and for all attorneys' fees, costs, and other expenses the Board or any unit owner of the Condominium may incur in defending this Action, including the cost of consultants and other experts retained by the Board, along with such other and further relief as may be just and proper.

Dated: New York, New York
       October 29, 2024

                                                  BRAVERMAN GREENSPUN, P.C.

By:   /s/ William J. Geller
      William J. Geller
      Robert J. Braverman
      *Attorneys for Defendant Board of*
      *Managers of The North8 Condominiums*
      110 East 42nd Street, 17th Floor
      New York, New York 10017
      (212) 682-2900
      wgeller@braverlaw.net